JEFF A. HARRISON (SBN 151227)
SARA P. KUNKEL (SBN 260240)
**METZ & HARRISON, LLP**
139 Richmond Street
El Segundo, CA 90245
Tel: (310) 648-8755
Fax: (310) 648-8734
JHarrison@metzharrison.com
SKunkel@metzharrison.com

Attorneys for Plaintiffs, ALVIN MALAVE and JULIO OCHOA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN MALAVE and JULIO OCHOA, individuals;<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES and BAUER'S INTELLIGENT TRANSPORTATION, INC., a California Corporation;<br><br>                    Defendants. | ) Case No.: CV13- 4057 GAF (PJWx)<br>)<br>) Civil Rights<br>)<br>) COMPLAINT FOR INJUNCTIVE RELIEF<br>) AND DAMAGES FOR VIOLATIONS OF:<br>)<br>) 1)  Title II of the Americans With Disabilities<br>) Act (42 U.S.C. §12131 *et seq.*);<br>)<br>) 2)  Title III of the Americans with Disabilities<br>) Act (42 U.S.C. §12181 *et seq.*);<br>)<br>) 3)  Section 504 of the Rehabilitation Act of<br>) 1973 (29 U.S.C. § 794 *et seq.*);<br>)<br>) 4)  Cal. Gov't Code §11135 *et seq.*;<br>)<br>) 5)  The Unruh Civil Rights Act (Cal. Civ.<br>) Code §51 *et seq.* ); and<br>)<br>) 6)  The Disabled Persons Act (Cal. Civ. Code<br>) §54 *et seq.*)<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

Plaintiffs ALVIN MALAVE and JULIO OCHOA complain of Defendants CITY OF LOS ANGELES and BAUER'S INTELLIGENT TRANSPORTATION, INC., and allege as follows:

## I.   **INTRODUCTION**

1.   Los Angeles World Airports ("LAWA") is a department of Defendant CITY OF LOS ANGELES which owns and operates the three major airports in the greater Los Angeles area: the Los Angeles International Airport ("LAX"), the LA/Ontario International Airport, and the Van Nuys Airport.  LAWA, also known as the Department of Airports, is a branch of the City of Los Angeles.  It employs approximately 2,500 people and is governed by a board of airport commissioners that is appointed by the mayor of the City of Los Angeles and approved by the Los Angeles City Council.

2.   In addition to owning and operating Los Angeles-area airports, LAWA operates the FlyAway Bus service ("FlyAway"), a bus system that offers regularly-scheduled, round-trip service, between LAX and FlyAway shuttle stops at Union Station in downtown Los Angeles, Westwood in West Los Angeles, and Van Nuys in the San Fernando Valley. No reservations are required to use the FlyAway.

3.   On information and belief, Defendant CITY OF LOS ANGELES, acting by and through LAWA, contracts with Defendant BAUER'S INTELLIGENT TRANSPORTATION, INC. ("Bauer's") to supply and operate some or all of its FlyAway busses, including the Van Nuys FlyAway fleet.

4.   Plaintiffs ALVIN MALAVE and JULIO OCHOA are individuals with physical disabilities as defined by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102, the Department of Justice regulations implementing the ADA, 28 C.F.R. § 36.104; and Cal. Gov't Code § 12926. Due to spinal cord injuries, Plaintiffs are unable to stand or walk independently and require the use of a wheelchair at all times for mobility.

5.    Plaintiffs allege that Defendants have discriminated against them, in violation of Titles II and III of the ADA, Section 504 of the Rehabilitation Act of 1973, and related California laws, by excluding them from participation in and denying them the full and equal enjoyment and benefits of the FlyAway's services, programs, or activities due to their disabilities.

6.    As a result of Defendants' discriminatory acts and omissions, Plaintiffs have suffered, and will continue to suffer, damages, and have been, and will continue to be prevented and/or deterred from accessing and using Defendants' programs, services, and activities to the same extent as, and in a manner equal to, their able-bodied peers.  Through this lawsuit, Plaintiffs seek an injunction requiring Defendants to provide full and equal access to their services, programs, and activities as required by law and compensation for their injuries as the result of Defendants' discriminatory conduct and actions.

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 *et seq.*  This Court has supplemental jurisdiction over Plaintiffs' state claims.

8.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Central District and that Plaintiffs' causes of action arose in the Central District.

## III.    GOVERNMENT CLAIMS

9.    On or around March 28, 2013, Plaintiff ALVIN MALAVE filed a claim against Defendant CITY OF LOS ANGELES pursuant to the Government Tort Claims Act, Cal. Gov. Code §§ 810 *et seq.*    Defendant CITY OF LOS ANGELES rejected Plaintiff Malave's claim on or around May 13, 2013.

10.    Plaintiff JULIO OCHOA filed his claim against Defendant CITY OF

LOS ANGELES on or around March 15, 2013.   Defendant CITY OF LOS ANGELES rejected Plaintiff Ochoa's claim on or around May 2, 2013.

### IV.   PARTIES

11.   Plaintiff ALVIN MALAVE ("Plaintiff Malave") is, and at all times relevant herein was, a qualified individual with a physical disability as defined by the ADA, 42 U.S.C. § 12102, the Department of Justice regulations implementing the ADA, 28 C.F.R. § 36.104; and Cal. Gov't Code § 12926.  Plaintiff Malave has had paraplegia since around 2002, when he was struck by a vehicle. He cannot independently stand or walk and requires the use of a wheelchair at all times for mobility.  Plaintiff Malave is unable to safely and independently use public services, including busses, that are not designed, constructed or altered in compliance with applicable accessibility standards.  Despite his disability, Plaintiff Malave is an active athlete who is a captain of a competitive wheelchair basketball team.  Along with his team mates, Plaintiff Malave frequently travels throughout California and out of state to compete in wheelchair basketball tournaments.  He reaches LAX airport from his home in West Hills by using the Van Nuys FlyAway bus service.  Plaintiff Malave is, and at all times relevant herein was, a resident of West Hills, California.

12.   Plaintiff JULIO OCHOA ("Plaintiff Ochoa") is, and at all times relevant herein was, a qualified individual with a physical disability as defined by the ADA, 42 U.S.C. § 12102, the Department of Justice regulations implementing the ADA, 28 C.F.R. § 36.104; and Cal. Gov't Code § 12926.   Due to a motorcycle accident, Plaintiff Ochoa cannot independently stand or walk and requires the use of a wheelchair at all times for mobility.  Plaintiff Ochoa is unable to safely and independently use public services, including busses that are not designed, constructed or altered in compliance with applicable accessibility standards.  Plaintiff Ochoa regularly travels from LAX and takes the Van Nuys FlyAway bus service to and from the airport. Plaintiff Ochoa is, and at all times relevant hereto was, a resident of San Fernando, California.

13.     On information and belief, Defendant CITY OF LOS ANGELES, acting by and through its department, LAWA, is a governmental agency in the State of California that is subject to the provisions of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*  On information and belief, LAWA is the owner and operator of the FlyAway bus service.

14.     On information and belief, Defendant BAUER'S INTELLIGENT TRANSPORTATION, INC. ("Bauer's") is a private entity that is contracted by LAWA to operate all or part of the FlyAway bus fleet, including the Van Nuys FlyAway busses, and is subject to Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

15.     Plaintiffs are informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## V.         <u>FACTS ON WHICH CLAIMS ARE BASED</u>

### A.     *Plaintiff Malave*

16.     Plaintiff Malave, who is 34 years old, is unable to stand or walk independently and has required the full-time use of a wheelchair since approximately 2002.  Plaintiff Malave is a captain of his wheelchair basketball team and travels frequently with his team to attend basketball tournaments throughout the state and country.  Plaintiff lives in West Hills, and very frequently takes the FlyAway bus

from the Van Nuys station, which is convenient to his residence, to LAX when he travels.  Similarly, he takes the FlyAway bus service home to the Van Nuys station when returning from LAX.  Plaintiff utilizes the FlyAway service because it is low-cost, because the station is located close to his home, and because the busses operate on regular, predictable schedules. He has encountered significant access barriers when using FlyAway that have caused him difficulty, discomfort, and embarrassment and that have deterred him from using the service as often as he would like.

17.    In or around October 2012, Plaintiff Malave arrived at LAX and sought to use the FlyAway to get to the Van Nuys station to return home from a trip.  When the FlyAway bus arrived to pick up Plaintiff Malave at LAX, he found that the bus did not have a wheelchair lift.  Plaintiff Malave was forced to disembark from his wheelchair and drag himself up the steep steps to the interior of the bus.  He then had to ask that the driver stow his wheelchair underneath the bus. Once the bus reached the Van Nuys station, Plaintiff Malave had to repeat the process, disembarking from the bus by scooting himself down the steps and then retrieving his wheelchair. Plaintiff Malave was frustrated, embarrassed and uncomfortable as he could not get on and off of the bus in his wheelchair, which humiliated him and put him at risk of physical injury. When he complained about the lack of a wheelchair lift to the driver, Plaintiff Malave was informed that, even if the bus had a wheelchair lift, the driver did not know how to operate it, so Plaintiff Malave would have still been forced to drag himself into and out of the bus without his wheelchair.

18.    In April 2013, Plaintiff Malave again used the FlyAway to return home from an out-of-state trip. Upon arriving at LAX, he waited approximately 45 minutes with other passengers until the Van Nuys FlyAway bus arrived.  When the bus pulled into the station, Plaintiff Malave observed that the bus was not equipped with a wheelchair lift.  Plaintiff Malave asked the bus driver whether an accessible FlyAway bus would soon arrive at the station, and was told that there was no guarantee that the next bus would have a wheelchair lift.  Plaintiff Malave, who had been waiting nearly

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    6

an hour to board the FlyAway, transferred from his wheelchair onto the bus steps by hopping onto the bus, and then scooted himself up the steps using his hands and arms. The bus driver stowed his wheelchair in the baggage and cargo area.  Upon arriving at the Van Nuys station, Plaintiff Malave had to repeat the process, scooting himself and crawling down the stairs and transferring into his wheelchair, because the FlyAway was not equipped with a wheelchair lift.  Plaintiff Malave was again frustrated, embarrassed and humiliated that he was unable to board and disembark from the FlyAway in a manner that was safe and accessible since there was no wheelchair lift.

### B.    *Plaintiff Ochoa*

19.    In or around October 2012, Plaintiff Ochoa sought to use the FlyAway bus to reach LAX from his home in San Fernando.  Plaintiff Ochoa called the FlyAway bus information line prior to his trip to inquire whether the FlyAway busses are accessible to wheelchair users, like him.  He was informed that there is only one wheelchair accessible FlyAway bus and that he should schedule rides on the FlyAway ahead of time to ensure an accessible bus was available. Plaintiff Ochoa did so, informing the FlyAway service representative of the day and time of his departure from the Van Nuys station and the day and time of his arrival at LAX, at which point he would need a ride home.

20.    When the FlyAway bus arrived to pick up Plaintiff Ochoa at the Van Nuys station, he was informed that the bus's wheelchair lift was malfunctioning and that he would have to use it at his own risk.  With assistance, he was able to use the lift to board the bus. However, once the bus reached LAX, Plaintiff Ochoa had great difficulty disembarking because the lift malfunctioned.  He was frustrated, embarrassed and uncomfortable as he could not get off of the bus in a safe and efficient manner, and feared missing his flight.  After a significant delay, he was able to disembark using the wheelchair lift.

21.    Before returning from his trip, Plaintiff Ochoa again called the FlyAway

bus information line to confirm that a wheelchair accessible bus would be available to pick him up for his return trip to the Van Nuys station. He was informed that an accessible bus was available that day. Upon arriving at LAX, Plaintiff Ochoa waited about two hours for the "accessible" FlyAway bus to appear at its designated time. When a bus finally arrived, the driver informed Plaintiff Ochoa that the wheelchair lift was not working, so he would not be able to use the bus. The driver informed Plaintiff Ochoa that he could either wait for an accessible FlyAway bus to pick him up later that afternoon, or that he could take a taxi home and request reimbursement from FlyAway. Exhausted from his trip and not wanting to wait further, Plaintiff Ochoa took an inaccessible taxi home and received reimbursement from FlyAway weeks later.

22.     Plaintiffs want to continue to use the FlyAway service in the future, as they have in the past, because it is an otherwise convenient, low-cost transportation option from their homes in the San Fernando valley area to LAX. However, until the FlyAway fleet is made accessible, and the discriminatory policies are changed, Plaintiffs will continue to suffer discrimination by being denied the benefits of the FlyAway bus service.

## VI.     INJURY

23.     As the result of Defendants' acts and omissions as herein alleged, Plaintiffs have suffered injuries and have been denied the full and equal ability to participate in the FlyAway's programs, goods, and services. Until Defendants make modifications to ensure that the FlyAway service is accessible to persons with mobility disabilities, Plaintiffs will continue to suffer discrimination and risk of injury and/or be prevented and deterred from safely accessing the FlyAway in a manner that is equivalent to their able-bodied peers. Plaintiffs' experiences with the FlyAway have caused them embarrassment, discomfort, difficulty, and emotional distress, and have resulted in them being deterred from using the FlyAway as often as they would like. The above-mentioned discrimination is ongoing, and constitutes a continuing

violation of Plaintiffs' rights under the ADA and related California civil rights statutes for which Defendants are jointly and severally liable.

## VII.    FIRST CAUSE OF ACTION
### TITLE II OF THE ADA (42 U.S.C. § 12131 *et seq.*)
### BY PLAINTIFFS AGAINST DEFENDANT CITY OF LOS ANGELES

24.    Plaintiffs replead and incorporate by reference herein the allegations contained in Paragraphs 1 through 23 of this Complaint.

25.    At all times herein mentioned, as a department or other instrumentality of the State of California, Defendant CITY OF LOS ANGELES was subject to Title II of the ADA, which prohibits discrimination against persons with disabilities by public entities.  Plaintiffs allege Defendant CITY OF LOS ANGELES'S violations of Title II include*, but are not limited to,* commission or omission of the following:

   a) Excluding persons with disabilities, including wheelchair users, from participation in or denying wheelchair users the benefits of the FlyAway Bus service due to their disabilities (42 U.S.C. § 12132);

   b) Purchasing, leasing, or soliciting for purchase or lease new or used busses for use in the FlyAway Bus service that are not readily accessible to and useable by individuals with disabilities, including persons who use wheelchairs (42 U.S.C. § 12142(a) and (b));

   c) Contracting, licensing, or making other arrangements with a private entity to supply vehicles that are inaccessible to wheelchair users and that deny individuals with disabilities, including wheelchair users, the ability to participate in or benefit from the FlyAway Bus service (28 C.F.R. § 35.130(b)(1)); and

///
///
///

d) Failing to make reasonable modifications in its policies, practices, or procedures to avoid discrimination on the basis of disability in the administration and operation of the FlyAway Bus service (28 C.F.R. 35.130(b)(7)).

26.    Plaintiffs allege Defendant CITY OF LOS ANGELES' discriminatory conduct constitutes deliberate indifference to their federally guaranteed right to be free of discrimination by Title II public entities, with knowledge of their right to such protection and foreknowledge that they would be injured by their conduct.  Plaintiffs also allege that Defendant CITY OF LOS ANGELES failed to act to prevent the discrimination and injuries that ultimately resulted and continue.  As a result, Plaintiffs are entitled to injunctive relief pursuant to 42 U.S.C. § 12133, monetary damages according to proof, and attorneys' fees and costs, for intentional discrimination under Title II of the ADA.

## VIII.    SECOND CAUSE OF ACTION
### TITLE III OF THE ADA (42 U.S.C. § 12181 *et seq.*)
### BY PLAINTIFFS AGAINST DEFENDANT BAUER'S INTELLIGENT TRANSPORTATION

27.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint.

28.    As a private business, Defendant BAUER'S is subject to Title III of the ADA, which prohibits private entities, including public transportation service providers, from discriminating against persons with disabilities by failing to provide them full and equal access to their services, privileges, or advantages.  Plaintiffs allege Defendant BAUER'S violations of Title III of the ADA include, *but are not limited to,* commission or omission of the following:

a) Purchasing or leasing a vehicle for use on a fixed route system that is not readily accessible to and useable by individuals with disabilities,

including wheelchair users (42 U.S.C. § 12182(b)(2)(B));

b) Purchasing or leasing new vehicles that are not readily accessible to and useable by individuals with disabilities, including wheelchair users (42 U.S.C. § 12184(b)(3) and (4)(A));

c) Failing to make reasonable modifications to policies and procedures to ensure persons with disabilities, including wheelchair users, can fully and equally use and enjoy its services and programs (42 U.S.C. § 12184(b)(2)(A)); and

d) Subjecting persons with disabilities directly, or through contractual, licensing, or other arrangements, to denial of the opportunity to fully and equally use the FlyAway Bus service due to their disabilities (42 U.S.C. § 12182(b)(1)(A)(i)).

29.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiffs pray for judgment as set forth below.

## IX.     THIRD CAUSE OF ACTION
### SECTION 504 OF THE REHABILITATION ACT OF 1973
### (29 U.S.C. § 794 *et seq.*)
### BY PLAINTIFFS AGAINST DEFENDANT CITY OF LOS ANGELES

30.     Plaintiff repleads and incorporates by reference herein the allegations contained in Paragraphs 1 through 29 of this Complaint.

31.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination based on disability in programs receiving Federal financial assistance.  On information and belief, Defendant CITY OF LOS ANGELES is a recipient of Federal financial assistance, part of which is used to fund the operation, administration, and oversight of the FlyAway Bus service.  Plaintiffs allege Defendant CITY OF LOS ANGELES'S violations of Section 504 of the Rehabilitation Act include, *but are not limited to,* commission or omission of the following:

a) Providing the FlyAway Bus service in a manner that denies individuals with disabilities, including wheelchair users, the ability to participate in or benefit from that service (34 C.F.R. § 104.4(b)(1)); and

b) Purchasing, leasing, or soliciting for purchase or lease new or used busses for use in the FlyAway Bus service that are not readily accessible to and useable by individuals with disabilities, including persons who use wheelchairs (42 U.S.C. § 12142(a) and (b)).

32.   Plaintiffs allege Defendant CITY OF LOS ANGELES'S discriminatory conduct constitutes deliberate indifference to their federally guaranteed right to be free of discrimination by public entities covered by Section 504 of the Rehabilitation Act of 1973, with knowledge of their right to such protection and foreknowledge that they would be injured by such conduct.   Plaintiffs also allege that Defendant CITY OF LOS ANGELES failed to act to prevent the discrimination that ultimately resulted, and continues.   As a result, Plaintiffs are entitled to injunctive relief, monetary damages for intentional discrimination under Section 504 of the Rehabilitation Act of 1973, as well as attorneys' fees and costs.

## X.   **FOURTH CAUSE OF ACTION**
## CAL. GOV'T. CODE § 11135 *et seq.*
## BY PLAINTIFFS AGAINST DEFENDANT CITY OF LOS ANGELES

33.   Plaintiffs replead and incorporate by reference herein Paragraphs 1 through 32 of this Complaint.

34.   At all times herein mentioned, Defendant CITY OF LOS ANGELES was subject to Cal. Gov't. Code § 11135, which prohibits discrimination by "any program or activity that is conducted, operated, or administered by the state or by any state agency."   Pursuant to this statute, no person shall, on the basis of his or her disability, be denied full and equal access to the benefits of any program or activity conducted or administered by a state agency.   Defendant CITY OF LOS ANGELES

was and is such a public entity, and Plaintiffs all times relevant herein were qualified individuals with disabilities as defined by California Government Code § 12926.

35.     Defendant CITY OF LOS ANGELES failed in its responsibility under Cal. Gov't. Code § 11135 to provide its programs and activities in a full and equal manner to disabled persons.  Defendant CITY OF LOS ANGELES failed to operate its FlyAway Bus service to avoid discrimination against persons with disabilities. As a result of Defendant CITY OF LOS ANGELES'S actions and omissions, Plaintiffs have suffered discrimination, in violation of Cal. Gov't. Code § 11135(a) and (b).  As a result of such discrimination, Plaintiffs are entitled to the rights and remedies as requested below.

## XI.     FIFTH CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 51 *et seq.*)
## BY PLAINTIFFS AGAINST DEFENDANT BAUER'S INTELLIGENT TRANSPORTATION

36.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this Complaint, and incorporate them herein as if separately repled.

37.     Defendant BAUER'S is a business establishment and, as such, is subject to the provisions of the Unruh Act, Cal. Civ. Code § 51 *et seq.,* which guarantees that persons with disabilities are entitled to full and equal services in all business establishments within the jurisdiction of the State of California.  A violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51(f).

38.     Defendant BAUER'S has violated the Unruh Act by, underline inter alia, denying, or aiding or inciting the denial of, Plaintiffs' rights to full and equal use of the accommodations, advantages, , privileges, or services of the FlyAway Bus service.

39.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

## XII.    SIXTH CAUSE OF ACTION

### DISABLED PERSONS ACT (Cal. Civ. Code § 54 *et seq.*)
### BY PLAINTIFFS AGAINST DEFENDANT CITY OF LOS ANGELES

40.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.    California's Disabled Persons Act entitles persons with disabilities to full and equal access to the privileges of all public conveyances and modes of transportation, including busses.  Cal. Civ. Code § 54.1(a)(1).  A violation of Title III of the ADA is also a violation of the Disabled Persons Act.  Cal. Civ. Code § 54.1(a)(3).  Plaintiffs allege that Defendant CITY OF LOS ANGELES has violated the Disabled Persons Act by failing to provide them and other wheelchair users with full and equal access to the FlyAway Bus service.

42.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

## XIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1.    That this Court issue an injunction pursuant to Titles II and III of the ADA, Section 504 of the Rehabilitation Act, and Plaintiffs' related state law claims:

    a. Ordering Defendants to purchase, lease, and/or alter the FlyAway bus fleet to ensure the busses are readily accessible to and usable by individuals with disabilities; and

    b. Ordering Defendants to modify their policies and procedures to ensure that they do not discriminate against persons with disabilities in the operation of the FlyAway Bus service.

2.    That this Court award damages pursuant to Title II and/or Section 504 of the Rehabilitation Act;

3.    That this Court award general, compensatory, and statutory damages

pursuant to the Unruh Act and/or the California Disabled Persons Act in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

4.      That this Court award special and consequential damages according to proof;

5.      That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Titles II and III of the ADA, 42 U.S.C. § 12205; California Civil Code §§ 52, and 55; and California Code of Civil Procedure § 1021.5;

6.      Such other and further relief as the Court may deem just and proper.


Dated: June 5, 2013                    **METZ & HARRISON, LLP**


By:   _____
      JEFF A. HARRISON
      SARA P. KUNKEL
      Attorneys for Plaintiffs, ALVIN MALAVE
      and JULIO OCHOA


## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: June 5, 2013                    **METZ & HARRISON, LLP**


By:   _____
      JEFF A. HARRISON
      SARA P. KUNKEL
      Attorneys for Plaintiffs, ALVIN MALAVE
      and JULIO OCHOA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV13- 4057 GAF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALVIN MALAVE and JULIO OCHOA, individuals; | CITY OF LOS ANGELES and BAUER'S INTELLIGENT TRANSPORTATION, INC., a California Corporation; |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JEFF A. HARRISON (SBN 151227); SARA P. KUNKEL (SBN 260240) METZ & HARRISON, LLP 139 Richmond Street, El Segundo, CA T: (310) 648-8755; F: (310) 648-8734 | |

By Fax

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION OF TITLE II & III OF THE ADA; Section 504 of the Rehab. Act of 1973; Cal Gov't. Sect.§11135 et seq., and Cal Civ. Code §§51 and 54 et seq

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV13-  4057

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)　☐ A.　Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.　Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.　For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.　Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
　　☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (All named Plaintiffs) | n/a |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
　　☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles as to Def. CITY OF LOS ANGELES. | County of San Francisco as to Def. BAUER'S INTELLIGENT TRANSPORTATION, INC., a California Corporation. |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | n/a |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date June 5, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |