| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority _____<br>Send _____<br>Enter _____<br>Closed _____<br>JS-5/JS-6 _____<br>Scan Only _____ |
|---|---|---|

**CASE NO.:** CV 13-04057 SJO (PJWx)   **DATE:** September 16, 2015

**TITLE:**   Malave et al. v. City of Los Angeles et al.

================================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                               Not Present

================================================================================
**PROCEEDINGS (in chambers): ORDER DISMISSING THIRD PARTY COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

This matter is before the Court on its own motion. On June 6, 2013, Plaintiffs Alvin Malave and Julio Ochoa ("Plaintiffs") filed a complaint against the City of Los Angeles ("the City") and Bauer Intelligent Transportation, Inc. ("Bauer") alleging six causes of action. (ECF No. 1.) Plaintiffs filed a First Amended Complaint on July 24, 2014. (ECF No. 34.) The first three causes of action allege violations of the Americans with Disabilities Act ("ADA") and Federal Rehabilitation Act ("FHA"). (*Id.*) The latter three causes of action allege violations of state anti-discrimination laws which are California's counterparts to the ADA and FHA.[1] (*Id.*)

On January 26, 2015, the City filed a Third Party Complaint against BCI, Aecom Services, Inc., Tutor Perini Corporation, and Jaroth, Inc. seeking indemnification to the extent the City is found liable to Plaintiffs. (ECF No. 45.) The Third Party Complaint alleges the following three causes of action against BCI: (1) breach of contract, (2) express contractual indemnity, and (3) declaratory relief. (*Id.*) The Third Party Complaint alleges the Court has jurisdiction over the City's claims pursuant to 28 U.S.C. sections 1331 and 1367(a) because the claims "form part of the same case and controversy as the claims asserted by [Plaintiffs] against the City." (ECF No. 45 ¶ 1.)

Plaintiffs Malave and Ochoa settled the underlying action with the City and Bauer on June 17, 2015. (ECF No. 74.) On July 27, 2015, the Court dismissed the underlying action with prejudice, and expressly noted that it "shall retain jurisdiction over this action for the limited purpose of enforcing the terms of the previously-entered Consent Decree for Injunctive Relief [Doc 33] and the Plaintiffs' settlement agreement with Defendant City of Los Angeles." (ECF No. 82.)

---

[1] In particular, Plaintiffs alleged the following six causes of action: (1) Title II of the ADA (42 U.S.C. § 12131 *et seq.*); (2) Title III of the ADA (42 U.S.C. § 12181 *et seq.*); Section 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 794 *et seq.*); (4) California Government Code § 11135 *et seq.*; (5) The Unruh Civil Rights Act (California Civil Code § 51 *et seq.*); and (6) The Disabled Persons Act (California Civil Code § 54 *et seq.*).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-04057 SJO (PJWx)</u>          DATE: <u>September 16, 2015</u>

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  28 U.S.C. section 1367, which provides the sole basis for the Court's exercise of jurisdiction over the Third Party Complaint (Third Party Complaint ¶ 1),[2] provides in relevant part that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."  28 U.S.C. § 1367(c)(3).  The Court dismissed the underlying action on July 27, 2015, and there are no federal law claims remaining.

As the United States Supreme Court has noted, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. V. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  Because the underlying and third-party actions were at a relatively early stage, judicial economy, convenience, and fairness suggest that the Court should decline to continue exercising supplement jurisdiction over remaining state law claims. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

For the foregoing reasons, the Court **DISMISSES** Third Party Plaintiff City of Los Angeles's Third Party Complaint.

IT IS SO ORDERED.

---

[2] Although the City alleges the Court has jurisdiction over the third party claims pursuant to 28 U.S.C. § 1331, the Third Party Complaint does not alleges any claims "arising under the Constitution, laws, or treatises of the United States."  Instead, the Third Party Complaint alleges breach of contract, express contractual indemnity, and declaratory relief, each of which is a state law claim.